IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-CV-307

| | |
|---|---|
| SEUNG-MIN LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAI CONCEPTS, INC., CAPITAL ) | |
| AUTOMATION INFORMATION SYSTEMS, ) | ORDER |
| INC., CAPITAL AUTOMATION HOLDINGS ) | |
| LIMITED, CAPITAL AUTOMATION, INC., ) | |
| HJK CONCEPTS USA, INC., and CAPITAL ) | |
| SERVICES AND SUPPLIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Application for Renewal of Default Judgment (Doc. No. 54). For the reasons set forth below, the motion is **DENIED** without prejudice.

Seung-Min Lee, Plaintiff, brought this action seeking damages for a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 54, Pl.'s Brief in Support at ¶ 1.) In an August 19, 2002 order, the Court found Defendants to be in default. (Doc. No. 49, Order Granting Entry of Default at 4.) The Court ordered the *pro se* Defendants to file a timely response or a default judgment would be entered against them. (*Id*.) Defendants failed to respond, so the Court entered a default judgment against the Defendants on September 18, 2002. (Doc. No. 53, Default J. at 3.) Defendant's have not satisfied that judgment. (Doc. No. 54, Pl.'s Appl. for Renewal at ¶ 8.) On June 22, 2012, Plaintiff filed this

1

*pro se* application to renew the September 18, 2002 judgment plus costs and post-judgment interest. (*Id*. at ¶ 9.)

In federal practice the writ of *scire facias*, an old procedure used to renew judgments, has been explicitly abolished. Fed. R. Civ. P. 81(b). Instead, any procedure in aid of executing a money judgment is governed by the procedures of the state in which the court sits. Fed. R. Civ. P. 69(a). As in federal court, many states have dissolved the writ of *scire facias* and supplanted it with alternative remedies.

Under North Carolina law, a judgment serves as a valid lien against all of a defendant's real property in the county in which the judgment is docketed for 10 years after the date that the judgment is entered. N.C. Gen. Stat. § 1-234. The only valid means through which a judgment may be renewed is through institution of a new action. *Reid v. Bristol*, 241 N.C. 699, 702, 86 S.E.2d 417, 419 (1955); *Raccoon Valley Investment Co. v. Toler*, 32 N.C. App. 461, 462-63, 232 S.E.2d 717, 719 (1977). An action for renewal must be brought within ten years of the entry of the underlying judgment and "must be commenced by the issuance of summons, filing of complaint, service thereof, etc., as in the case of any other action to recover judgment on debt." *Reid*, 241 N.C. at 702, 86 S.E.2d at 419.

Here, default judgment was entered in Plaintiff's favor on September 18, 2002. (Doc. No. 53., Default J. at 3.) Plaintiff seeks to renew that judgment, plus costs and post-judgment interest, by means of a motion in the same action in which the judgment was originally entered. (Doc. No. 54, Pl.'s Appl. for Renewal at ¶ 9.) This is an improper means to seek renewal of a judgment. Only through institution of an entirely new action may the court consider the relief Plaintiff seeks. On this basis, and with the understanding that Plaintiff may still pursue the relief

she seeks by means of the procedures described in this Order, the Court cannot consider Plaintiff's application at this time.

      **IT IS ORDERED** that Plaintiff's Application for Renewal of Default Judgment is **DENIED** without prejudice.

Signed: July 24, 2012

Graham C. Mullen
United States District Judge